# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NVIDIA CORPORATION; BILL STEINMETZ, an individual; and
DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ASSIM ADDOUS, an individual

E-FILED
7/3/2019 4:25 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
19CV350263
Reviewed By: L Del Mundo
Envelope: 3090015

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Downtown Superior Court
191 North First Street, San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):* 19CV350263

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Aliah A. Abdo, Esq., The Abdo Law Firm, Inc., 1580 Aldrich Way, San Jose, CA 95121, (408) 439-4671

DATE: July 3, 2019
*(Fecha)* 7/3/2019 4:25 PM

Clerk of Court

Clerk, by
*(Secretario)* L Del Mundo

, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* NVIDIA Corporation

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Aliah A. Abdo, Esq. (SBN 260341) The Abdo Law Firm, Inc. 1580 Aldrich Way San Jose, CA 95121 TELEPHONE NO.: (408) 439-4671   FAX NO.: (408) 904-6263 ATTORNEY FOR *(Name)*: Plaintiff, Assim Addous | Electronically Filed by Superior Court of CA, County of Santa Clara, on 7/3/2019 4:25 PM Reviewed By: L Del Mundo Case #19CV350263 Envelope: 3090015 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Assim Addous v. Nvidia Corporation, Bill Steinmetz, Does 1-50 et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 19CV350263 |
| | | | JUDGE: | |
| | | | DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify)*: 11
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 3, 2019

Aliah A. Abdo, Esq.
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

19CV350263
Santa Clara – Civil

**ATTACHMENT CV-5012**. Wang

# CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: 19CV350263

19CV350263

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

*DEFENDANT* (The person sued): You must do each of the following to protect your rights:

1. You must file a **written response** to the *Complaint*, using the proper legal form or format, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.* You may ask to appear by telephone – see Local Civil Rule 8.

Your Case Management Judge is: **Mikkelsen, Laurie**   Kulkarni, Sunil R   Department: _____

The 1st CMC is scheduled for: (Completed by Clerk of Court)

   Date: 10/15/19   Time: 2:15 PM   in Department: 8

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

   Date: _____   Time: _____   in Department: _____

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

E-FILED
7/3/2019 4:25 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
19CV350263
Reviewed By: L Del Mundo

1  Aliah A. Abdo, Esq. [SBN 260341]
   The Abdo Law Firm, Inc.
2  1580 Aldrich Way
   San Jose, CA 95121
3  Telephone: (408) 439-4671
   Facsimile: (408) 904-6263
4  Email: aliah@abdolawgroup.com

5  Attorney for Plaintiff, ASSIM ADDOUS.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF SANTA CLARA

10                       UNLIMITED JURISDICTION

11

12  ASSIM ADDOUS, an individual,            Case. No.:    19CV350263

13                       Plaintiff,          COMPLAINT FOR DAMAGES FOR:

14          v.                               1.  BREACH OF CONTRACT;
                                             2.  DISCRIMINATION ON THE BASIS OF
15  NVIDIA CORPORATION; BILL                     RACE, NATIONAL ORIGIN/ANCESTRY,
    STEINMETZ, an individual; and DOES           AND/OR RELIGION (VIOLATIONS OF
16  1-50, inclusive,                             CAL. GOV. CODE §12940 et seq.);
                                             3.  HARASSMENT ON THE BASIS OF RACE,
17                                               NATIONAL ORIGIN, AND/OR RELIGION
                         Defendants.             (VIOLATIONS OF CAL. GOV. CODE
18                                               §12940 et seq.);
                                             4.  FAILURE TO INVESTIGATE, CORRECT,
19                                               AND PREVENT FURTHER
                                                 DISCRIMINATION/HARASSMENT
20                                               (VIOLATIONS OF CAL. GOV. CODE
                                                 §12940 et seq.);
21                                           5.  RETALIATION (VIOLATIONS OF CAL.
                                                 GOV. CODE §12940 et seq.);
22                                           6.  VIOLATIONS OF THE FAMILY AND
                                                 MEDICAL LEAVE ACT (29 U.S.C.
23                                               §§2614(a) and 2615(a)(2));
                                             7.  RETALIATION UNDER THE
24                                               CALIFORNIA FAMILY RIGHTS ACT
                                                 (VIOLATIONS OF CAL. GOV. CODE
25                                               §12945.2 et seq.);
                                             8.  RETALIATION FOR RETAINING AN
26                                               ATTORNEY (VIOLATIONS OF CAL. LAB.
                                                 CODE §923); -
27                                           9.  WRONGFUL TERMINATION IN

28
                                    - 1 -
                          COMPLAINT FOR DAMAGES

VIOLATION OF PUBLIC POLICY;
10. INTENTIONAL INFLICTION OF
    EMOTIONAL DISTRESS; AND
11. UNFAIR BUSINESS PRACTICES
    (VIOLATIONS OF BUS. & PROF. CODE
    §17200 *et seq.*)

Plaintiff, Assim Addous, hereby submits his Complaint for Damages against Defendants, Nvidia Corporation ("Nvidia"), Bill Steinmetz, and DOES 1-50 (collectively, "Defendants"), as follows:

## PARTIES AND JURISDICTION

1.     Plaintiff, Mr. Addous, is and at all relevant times hereto was, an individual residing in Santa Clara County, California.

2.     Defendant, Nvidia, is and at all relevant times hereto was, a Delaware corporation with its principle place of business in Santa Clara, California.

3.     Defendant, Bill Steinmetz, is and at all relevant times hereto was, an individual residing in California, working as a Senior Hardware Verification Engineer for Nvidia.  Upon information and belief, he has since been promoted to Director of Verification.

4.     The true names and capacities of each and every Doe Defendant sued herein is unknown to Plaintiff, who therefore sues such Doe Defendants by fictitious names pursuant to Code of Civ. Proc. ("CCP") §474.  Plaintiff will amend this Complaint to allege any and all Doe Defendant true names and capacities when the same are ascertained.  Plaintiff is informed, believes, and thereon alleges that each of the fictitiously named Doe Defendants are responsible in some manner for the occurrences alleged herein, and that Plaintiff's damages as alleged herein were proximately caused by each and every of the Doe Defendant's conduct.

5.     Plaintiff is informed, believes, and thereon alleges that, at all times mentioned herein, at least some of the Defendants have been and are an agent, servant, employee, partner, joint-venturer, co-conspirator, subsidiary, successor-in-interest, and/or alter ego of some or each

- 2 -
COMPLAINT FOR DAMAGES

1  and every other Defendant, and in doing or failing to do the conduct herein alleged, were acting

2  within the course and scope of, on behalf of, for the benefit of, at the direction of, or under the

3  control of such agency relationship, with the knowledge, permission, or consent of the other

4  applicable Defendants.

5      6.    Plaintiff is further informed, believes, and thereon alleges, that at least some of the

6  Defendants herein gave consent, aid, and/or assistance to some or each and every other Defendant,

7  and ratified and/or authorized the acts or omissions of some or each and every Defendant as

8  alleged herein, except as may be hereinafter otherwise specifically alleged.

9      7.    Jurisdiction and venue are proper in this Court, as the events giving rise to

10  Plaintiff's causes of action occurred in Santa Clara County, the contract(s) and actions at issue

11  were to be performed in Santa Clara County, the corporation at issue has its principle place of

12  business in Santa Clara County, Defendants conduct business in Santa Clara County, and the

13  majority of the witnesses and evidence are in Santa Clara County.

### FACTUAL ALLEGATIONS

14      8.    Plaintiff re-alleges and incorporates by reference, all proceeding paragraphs as

15  though fully set forth herein.

16      9.    Plaintiff brings this Complaint against Defendants for: breach of contract; race,

17  national origin, and/or religious discrimination; race, national origin, and/or religious harassment;

18  failure to investigate, correct, and prevent further discrimination/harassment; retaliation under the

19  Fair Employment Housing Act ("FEHA"); violations of the Family Medical Leave Act ("FMLA");

20  retaliation under the California Family Rights Act ("CFRA"); retaliation for retaining an attorney;

21  wrongful termination in violation of public policy; intentional infliction of emotional distress; and

22  unfair business practices.

23      10.    On or about 2013, Plaintiff began working for Nvidia as a full-time hardware

24  engineer, after successfully completing a competitive internship with Nvidia. A copy of his

25  employment agreement is attached hereto at Exhibit "A" ("Agreement").

26      11.    Pursuant to the Agreement, Plaintiff was to receive wages, bonuses, employment

27  benefits (including health insurance, paid time off, holidays, relocation package, a 401K Plan, and

28

1  an Employee Stock Purchase Plan ["ESPP"]), and other compensation, including but not limited to

2  restricted stock units ("RSUs").

3      12.    Pursuant to the Agreement, Plaintiff was to receive 1,150 RSUs in accordance with

4  the terms of Nvidia's Equity Incentive Plan.  The units were to vest and be issued over a four year

5  period, with 25% of the shares subject to the RSU being issued on the first vesting date, and 12.5%

6  of the shares subject to the RSU being issued every six months thereafter, provided that Plaintiff

7  remain employed with Nvidia on each vesting/issuance date.

8      13.    The Agreement also incorporates by reference, Nvidia's Code of Conduct and

9  personnel policies, which includes Nvidia's Policy Prohibiting Discrimination, Harassment, &

10 Retaliation and Equal Employment Opportunity ("EEO") Policy, all of which are currently found

11 on its website at https://www.nvidia.com/en-us/about-nvidia/company-policies/.  The policies

12 specifically prohibit discrimination, harassment, and retaliation on the basis of ancestry,

13 citizenship, color, national origin (including language use restrictions), race, religion or creed

14 (including religious dress and grooming practices), and other protected characteristics.  It also

15 provides that no individual will be subject to retaliation for making a report of discrimination,

16 harassment, or retaliation, and in response to complaints on any of the above, Nvidia "will conduct

   a prompt, thorough and impartial investigation that is appropriate in the circumstances."

17     14.    Plaintiff reported directly to Mr. Steinmetz, then a Senior Hardware Verification

18 Engineer and manager for Nvidia.

19     15.    During the course of his employment, Plaintiff satisfactorily performed his

20 employment duties at all times, and received positive evaluations each year.  He only received one

21 formal written performance review, in 2015, and it was extremely positive.  It provide that Mr.

22 Addous "learns quickly and works with a can-do attitude" and "always looks for ways to improve

23 the process."  For example, Mr. Addous "suggested we automate it [a verification system that was

24 manually intense] and then did it."

25     16.    During the latter part of his employment with Nvidia, Mr. Addous was subjected to

26 a hostile work environment and discrimination that resulted in increased isolation from his

27 manager, Mr. Steinmetz, and other members of his team, on the basis of his race, national

28 origin/ancestry, and/or religion.  During the time leading up to the 2016 presidential election, Mr.

1   Steinmetz was an ardent and vocal supporter of Donald Trump, and kept a timer on his desk which

2   counted down to President Barack Obama's last day in office. However, Mr. Steinmetz's

3   comments began to take on a racist and anti-immigrant tone, which made Mr. Addous extremely

4   uncomfortable. Mr. Addous is a black Muslim of national origin/ancestry from Ethiopia, born in

5   Saudi Arabia, and speaks Arabic and English. During his work with Nvidia, he was also on a H1-

6   B Visa.

7        17.    At first, Mr. Steinmetz would speak with Mr. Addous as if he were a spokesperson

8   for all black people, all Muslims, and all people from the Middle East. For example, at various

9   times when the media reported a terrorist attack somewhere in the world, Mr. Steinmetz would ask

10  Mr. Addous about it. As time went on, the comments increased in frequency and severity. For

11  example, During the course of 2016 and 2017, Mr. Steinmetz made the following comments

12  directly to Mr. Addous:

13           a. Mr. Steinmetz stated that Western culture was superior to all other cultures.
                When Mr. Addous responded that he believed that all regions had made

14              important contributions to humanity, Mr. Steinmetz stated, "not like our culture."

15           b. Mr. Steinmetz stated that the United States should "carpet bomb" the Middle

16              East, the region in which Mr. Addous was born and raised.

17           c. Mr. Steinmetz made comments about building walls to keep immigrants out,

18              such as: "Other countries should have walls around them to keep barbaric people

19              out of the U.S.," referring to the Middle East and Mexico.

20           d. Mr. Steinmetz commented that the only reason why the United States doesn't

21              really win wars is because it does not go "all the way." He expressed that the

22              United States "must disseminate them" and "take them back to the stone ages,"

23              referring to the Middle East.

24           e. Mr. Steinmetz complained that his neighborhood no longer celebrated Halloween

25              because all of his neighbors were foreigners, knowing of Mr. Addous'

26              background.

- 5 -

f. Mr. Steinmetz made comments about Europeans building this country by working hard, and then having to pay for everyone else, referring to minorities and immigrants in the country.

g. Mr. Steinmetz made negative comments about black families, stating that black men are not there for their families and that black women are raising children by themselves. He then complained that his taxes are being used to pay for it.

h. Mr. Steinmetz complained that he was paying for "other" women's out-of-wedlock children, which Mr. Addous took to be a racially-charged comment.

i. During a discussion about Nvidia's Graphic Processing Unit ("GPU") technology being reported about on Al-Jazeera Media Network, a major global news organization originating in the Middle East, Mr. Steinmetz stated that "now the terrorists have access to these technologies and drones."

j. Mr. Steinmetz commented that one cannot trust "those guys," referring to Iranians.

18. Such comments were offensive, frequent, demonstrated an animus against Mr. Addous' race (black), national origin/ancestry (Ethiopia and Saudi Arabia), and religion (Islam), and created a hostile work environment. Because of the hostile work environment, Mr. Addous, who would regularly attend religiously-mandated Friday prayers at a local masjid, stopped attending for fear of additional comments by Mr. Steinmetz.

19. As a result of these types of comments, which seemed to signal an increasing radicalization on the part of Mr. Steinmetz, Mr. Addous began turning down invitations to eat lunch with Mr. Steinmetz, and to generally try to avoid non-work-related conversations with him.

20. Although Mr. Addous felt offended by Mr. Steinmetz's harassment, he did not initially complain to Human Resources because he feared losing his job, and with it, his H-1B Visa. Mr. Addous was also fearful, as he was in the process of obtaining his Green Card. Accordingly, he instead sought a different higher position as a Solution Architect with the Solution Architecture and Engineering group at Nvidia in May 2016. He met with Vice President of Engineering, Mark Hamilton, and had a very positive meeting. Mr. Hamilton acknowledged that

1  Mr. Addous was qualified for the positions, especially as he had taken several machine learning
2  courses and had a background in image and speech processing. Mr. Hamilton then arranged for
3  Mr. Addous to meet with one of his managers. Mr. Addous had a very positive meeting with this
4  manager, who informed Mr. Addous that she would talk with Mr. Steinmetz to discuss Mr.
5  Addous' transition between positions. However, after speaking with Mr. Steinmetz, the manager
6  told Mr. Addous that he needed to complete his responsibilities on his current team, and informed
7  him that he would not be transitioning.

8     21.    When Mr. Addous spoke to Mr. Steinmetz about the interviews, the news was not
9  well received. Mr. Steinmetz told Mr. Addous that he needed to deal with the responsibilities in
10 his current position and told him he could not leave.

11    22.    As 2016 went on, the relationship between Mr. Addous and Mr. Steinmetz became
12 even more tense, as Mr. Steinmetz seemed to take offense at the social withdrawal, as well as Mr.
13 Addous' efforts to leave the team. Mr. Addous became even more isolated, as he stopped
   receiving invitations to several work events and meetings that he should have been invited to.

14    23.    Mr. Steinmetz did not express displeasure with Mr. Addous' work until February
15 2017, when he suddenly gave Mr. Addous the option of being placed on a Performance
16 Improvement Plan ("PIP") for "underperforming" or taking a severance package and leaving
17 Nvidia. Mr. Addous was given an "Initial Separation Agreement" dated February 22, 2017, and
18 was encouraged to take it. However, Mr. Addous elected to keep working with Nvidia, as he was
19 confident in his engineering abilities, and believed he would meet all objectives. Additionally,
20 losing his job could jeopardize Mr. Addous' H1-B Visa status, Green Card application, and ESPP
21 and RSUs, all of which be adversely impacted by a change in employment within the next few
22 months, and all of which were known to Defendants. Accordingly, Mr. Addous was placed on a
23 PIP, the reason for which was false and a pretext for discrimination, as a result of his ancestry,
24 race, religion, national origin, and attempt to remove himself from a hostile work environment.

25    24.    Although Mr. Addous made good progress and met the goals and objectives of the
26 PIP, he had to interrupt it in April 2017 and take CFRA/FMLA leave to care for both of his elderly
27 parents, who were experiencing serious health problems. Upon information and belief, this
   resulted in further retaliation.

28

25.    By the time Mr. Addous returned to work on or about June 28, 2017, Mr. Addous had so little time left on his PIP (about a week) that it appeared that Mr. Steinmetz intended to simply run out the clock, over scrutinize Mr. Addous' work, disregard him, continue to change the project requirements so that Mr. Addous would not meet deadlines, and meet with Mr. Addous without all PIP team-members present, even though Mr. Addous believed he was meeting all PIP goals and objectives.  At the same time, Mr. Steinmetz repeatedly encouraged Mr. Addous to voluntarily leave and take the severance package.

26.    On or about June 30, 2017, before the PIP timeline was completed and two days after returning from CFRA/FMLA leave, Mr. Addous received a letter from Nvidia, referencing the February 22, 2017 Initial Separation Agreement, and restating its terms.  The "Second Separation Agreement" was said "to aid in your employment transition," even though the PIP was still pending.  In exchange for a severance payment, Mr. Addous was to waive any and all claims of any kind, known or unknown, and the vesting of stock options and restricted stock would cease, even though Mr. Addous was only weeks away from obtaining those benefits.

27.    On or about July 5, 2017, Mr. Addous' attorney contacted Nvidia, notifying it of the representation, also asking for more time to consider the Second Separation Agreement.  Although Nvidia agreed to extend the time for Mr. Addous to consider the Second Separation Agreement, it would not extend the PIP, place matters on hold, or reinstate Mr. Addous while it conducted an investigation.

28.    On or about July 7, 2017, the day the PIP ended, two days after counsel notifying Nvidia of its representation, and about a week after returning from FMLA/CFRA leave, Mr. Addous was terminated.  Mr. Addous was again offered the Second Separation Agreement.

29.    After substantial delay, Nvidia thereafter conducted an investigation into Mr. Addous' complaints.  However, the investigation was not prompt, impartial, or thorough.  For example, Mr. Addous was not interviewed until months after his complaint, and upon information and belief, a witness to the discriminatory treatment Mr. Addous faced was promoted to the Solution Architect position with the Solution Architecture and Engineering group, the same position that Mr. Addous had applied for but was denied due to discrimination.  Upon information and belief, Mr. Steinmetz was also promoted to Director of Verification.

30.     The performance reason given for Mr. Addous' termination is false.  It came at a time when Mr. Addous was applying for his Green Card and was eligible for stock benefits within a matter of weeks.  Mr. Addous was harassed, discriminated against, denied a promotion and transfer, denied reinstatement, and denied a work environment free of discrimination and retaliation because of his race, ancestry, national origin, and/or religious creed, which were at least a motivating factor and/or played a substantial role.

31.     As a result of Defendants' conduct, Plaintiff is entitled to general and special damages, lost wages and back pay and benefits, statutory and civil penalties, restitution, damages for emotional distress, liquidated damages, punitive damages, costs of suit, interest, attorneys' fees, and other relief.

32.     Plaintiff exhausted his administrative remedies by filing a complaints with the Department of Fair Employment and Housing ("DFEH") alleging conduct supporting the causes of action alleged herein to the extent required by law, and within the timeframe provided for by law, and was issued a right-to-sue letter on the same.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
### (Against All Applicable Corporate Defendant(s))

33.     Plaintiff re-alleges and incorporates by reference, all proceeding paragraphs as though fully set forth herein.

34.     A contractual relationship exited between Plaintiff and the applicable corporate Defendants whereby Plaintiff provided services for the applicable corporate Defendants, for which he was to receive considering consisting of wages, stocks, employment benefits, other compensation and a commitment not to be illegally treated.  The terms of the employment contract are partially written and partially implied in fact by the parties' conduct.

35.     Plaintiff performed all conditions, covenants, and promises required on his part in accordance with the terms and conditions of the contract(s).  To the extent all conditions, covenants, and promises required on their part were not performed, such was excused by Defendants' material breaches as set forth herein.

36. At various times, applicable corporate Defendants breached the contracts as set forth herein by, among other things, harassing, discriminating against, and retaliating against Plaintiff on the basis of his race, national origin/ancestry, and religion, taking CFRA/FMLA leave, hiring an attorney, failing to prevent harassment and adequately investigate, failing to take appropriate corrective action, wrongfully terminating him, and failing to provide him with benefits of the Agreement.

37. As a direct and proximate result of Defendants' breaches of contract(s), Plaintiff suffered monetary damages, including lost wages and benefits, in amounts according to proof at trial.

38. WHEREFORE, Plaintiff prays for relief as set forth below.

### SECOND CAUSE OF ACTION
### DISCRIMINATION ON THE BASIS OF RACE, NATIONAL ORIGIN/ANCESTRY, AND/OR RELIGION
### (VIOLATIONS OF CAL. GOV. CODE §12940 et seq.)
### (Against All Defendants)

39. Plaintiff re-alleges and incorporates by reference, all proceeding paragraphs as though fully set forth herein.

40. FEHA prohibits discrimination and harassment based on race, religion, and national origin/ancestry, and other protected categories, as does the California Constitution. Gov. Code §12940(j)(1); Cal. Const. Art. I, §8.

41. Defendants are employers within the meaning of Cal. Gov. Code §12940 et. seq. and Plaintiff was an employee of Defendants.

42. Plaintiff is a member of one or more protected classes, and he was subjected to discrimination and adverse employment actions as alleged herein in whole or in part on the basis of his race, national origin/ancestry, and/or religion which was/were substantial motivating reason(s) for the discriminatory and adverse employment actions.

43. The conduct alleged herein, was unwelcome, directed towards Plaintiff, and was part of an ongoing and continuing pattern of conduct.

44. The above conduct caused Plaintiff to perceive his work environment as intimidating, hostile, abusive or offensive, and unreasonably interfered with his work.

45.    Complaints and/or information regarding much of the harassing conduct were known by, conducted by, and reported to Defendants, but the discrimination and harassment continued. Defendants also failed to conduct a prompt, impartial, and a thorough investigation into allegations of race, national origin/ancestry, and/or religious discrimination.

46.    Defendants' acts were malicious, oppressive or fraudulent with the intent to vex, injure, annoy, humiliate and embarrass Plaintiff, and in conscious disregard of the rights or safety of Plaintiff and other employees of Defendants, and in furtherance of Defendants' ratification of the wrongful conduct of the employees and managers of Defendants. The above discriminating conduct violates Cal. Gov. Code §12940 *et seq.* and California public policy and entitles Plaintiff to all categories of damages, including exemplary or punitive damages.

47.    By reason of the conduct of Defendants and each of them as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

48.    As a result of Defendants' and each of their actions, Plaintiff has sustained economic damages to be proven at trial. As a further result of Defendants' and each of their actions, Plaintiff has suffered emotional distress; resulting in damages to be proven at trial.

49.    WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
### HARASSMENT ON THE BASIS OF RACE, NATIONAL ORIGIN, AND/OR RELIGION
### (VIOLATIONS OF CAL. GOV. CODE §12940 *et seq.*)
### (Against All Defendants)

50.    Plaintiff re-alleges and incorporates by reference, all proceeding paragraphs as though fully set forth herein.

51.    Defendants are employers within the meaning of Cal. Gov. Code §12940 *et. seq.* and Plaintiff was an employee of Defendants.

52.    Plaintiff is a member of one or more protected classes, and he was subjected to harassment and a hostile work environment as alleged herein in whole or in part on the basis of his race, national origin/ancestry, and/or religion which was/were substantial motivating reason(s) for the discriminatory and adverse employment actions.

- 11 -

53.     The conduct alleged herein, was unwelcome, severe and pervasive, directed towards Plaintiff, and was part of an ongoing and continuing pattern of conduct.

54.     The above conduct caused Plaintiff to perceive his work environment as intimidating, hostile, abusive or offensive, and unreasonably interfered with his work.

55.     Complaints and/or information regarding much of the harassing conduct were known by, conducted by, and reported to Defendants, including Plaintiff's supervisor, but the discrimination and harassment continued. Defendants also failed to conduct a prompt, impartial, and thorough investigation into allegations of race, national origin/ancestry, and/or religious discrimination.

56.     Defendants' acts were malicious, oppressive or fraudulent with the intent to vex, injure, annoy, humiliate and embarrass Plaintiff, and in conscious disregard of the rights or safety of Plaintiff and other employees of Defendant, and in furtherance of Defendants' ratification of the wrongful conduct of the managers and employees of Defendant. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants.

57.     By reason of the conduct of Defendants and each of them as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

58.     As a result of Defendants' and each of their actions, Plaintiff sustained economic damages to be proven at trial. As a further result of Defendants' and each of their actions, Plaintiff suffered emotional distress, resulting in damages to be proven at trial.

59.     WHEREFORE, Plaintiff prays judgment against Defendants as set forth below.

**FOURTH CAUSE OF ACTION**
**FAILURE TO INVESTIGATE, CORRECT, AND PREVENT FURTHER DISCRIMINATION/HARASSMENT**
**(VIOLATIONS OF CAL. GOV. CODE §12940 *et seq.*)**
**(Against All Applicable Corporate Defendants)**

60.     Plaintiff re-alleges and incorporates by reference, all proceeding paragraphs as though fully set forth herein.

61.     Cal. Gov. Code §12940 *et seq*. prohibits an "employer" from harassing, discriminating, or retaliating against an employee based on that employee's race, religious creed, color, national origin, and ancestry.

62.     Defendants are employers within the meaning of Cal. Gov. Code §12940 *et. seq.* and Plaintiff was an employee of Defendants.

63.     Cal. Gov. Code §12940(k) also makes it an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

64.     Cal. Gov. Code §12940(j) makes it unlawful for an employer that knows or should have know of the discriminatory conduct "and fails to take immediate and appropriate corrective action."

65.     Defendants were aware of, knew and had reason to know of, the unlawful discriminatory, harassing, and retaliatory conduct occurring in the workplace including but not limited to the conduct of Mr. Steinmetz.

66.     Despite Defendants' knowledge, they failed to take all reasonable steps to prevent and correct discrimination and harassment to protect the employees, including Plaintiff.

67.     At all relevant time periods, Defendants, failed to make a prompt or adequate response and investigation into the conduct of Defendants and the aforesaid pattern and practice, and thereby established a policy, custom, practice or usage within the organization of Defendants, which condoned, encouraged, tolerated, sanctioned, ratified, approved of, and/or acquiesced in discrimination and harassment towards Plaintiff.

68.     Defendants did not have an adequate policy and/or training of with respect to its employees and managers.  Defendants knew or reasonably should have known that the failure to provide adequate education, training, and information as to their personnel policies and practices regarding discrimination and harassment would result in discrimination and harassment against employees, including but not limited to, Plaintiff.

69.     The failure of Defendants to provide any or adequate education, training, and information to personnel concerning policies and practices regarding discrimination and

- 13 -

harassment constituted deliberate indifference to the rights of employees, including but not limited to those of Plaintiff, under Cal. Gov. Code §12940 *et seq.*

70. As a direct, foreseeable, and legal result of Defendants' failure to take immediate and appropriate preventative and corrective actions, Plaintiff has suffered and continues to suffer general and special damages including but not limited to the humiliation, embarrassment, mental and emotional distress, and discomfort associated with the indignity of harassment, discrimination, and retaliation, all to Plaintiff's detriment in an amount to be proven at trial.

71. By reason of Defendants' unlawful conduct, and in order to enforce the important right to a discrimination, retaliation, and harassment-free workplace for himself and the public at large, Mr. Addous has incurred and continues to incur legal expenses and attorney's fees. Accordingly, Mr. Addous is therefore entitled to reasonable attorney's fees and litigation expenses.

72. Defendants committed the despicable acts alleged herein maliciously and oppressively, with the wrongful intent of injuring Plaintiff, and have acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the despicable acts taken towards Plaintiff were carried out by, and/or ratified by managerial employees acting in a deliberate, cold, callous, and intentional matte in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendants in an amount according to proof.

73. WHEREFORE, Plaintiff prays judgment against Defendants as set forth below.

### FIFTH CAUSE OF ACTION
### RETALIATION
### (VIOLATIONS OF CAL. GOV. CODE §12940 *et seq.*)
### (Against All Defendants)

74. Plaintiff re-alleges and incorporates by reference, all proceeding paragraphs as though fully set forth herein.

75. In violation of Cal. Gov. Code §12940, Defendants retaliated against Plaintiff for having opposed, resisted, and complained of the acts alleged herein and for otherwise engaging in protected activity.

76. Within a short time after Plaintiff attempted to obtain a different position with Nvidia to avoid Mr. Steinmetz's unlawful conduct, and again after complaining of discrimination

- 14 -

COMPLAINT FOR DAMAGES

and hiring an attorney with respect to his forthcoming termination, Defendants retaliated against Plaintiff, including by removing and isolating Plaintiff, denying him a different position and promotion, not inviting him to meetings and work events, placing him on a PIP, urging him to leave and accept a severance payment, failing to adequately investigate, failing to reinstate, denying him of benefits and stock options, and subsequently terminating his employment, causing Plaintiff emotional distress. Plaintiff's protected activity was a substantial motivating reason for such conduct.

77. Defendants engaged in the above-alleged actions with the intent of discriminating and retaliating against Plaintiff on account of his protected activity of complaining, opposing, and resisting of violations under the FEHA.

78. By reason of the conduct of Defendants and each of them as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

79. As a result of Defendants' and each of their actions, Plaintiff has sustained economic damages to be proven at trial. As a further result of Defendants' and each of their actions, Plaintiff suffered emotional distress; resulting in damages to be proven at trial.

80. The conduct of Defendants and/or their agents/employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions. Defendants and/or their agents/employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants. Consequently, Plaintiff is entitled to punitive damages against Defendants.

81. WHEREFORE, Plaintiff prays for judgment as set forth below.

## SIXTH CAUSE OF ACTION
### VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT
### (29 USC §§2614(a) and 2615(a)(2))
### (Against All Defendants)

82. Plaintiff re-alleges and incorporates by reference, all proceeding paragraphs as though fully set forth herein.

83. At all times relevant herein, Defendants were employers subject to the FMLA.

- 15 -

84.    At the time of Plaintiff's termination on or about July 7, 2017, Plaintiff had just returned from FMLA leave. Plaintiff was out on FMLA leave from on or about April 2017 through on or about June 28, 2017.

85.    By their actions and omissions alleged above, including urging Plaintiff to take a severance package immediately upon his return to work, and terminating him just days after his return, Defendants intentionally deprived Plaintiff of his rights and equal employment opportunities, and otherwise by adversely affecting his status as an employee, in violation of FMLA.

86.    Because Plaintiff had exercised his rights under the FMLA as set forth herein, he was retaliated against by Defendants, in the manner alleged, in violation of FMLA.

87.    Defendants engaged in the above-alleged actions with the intent of discriminating and retaliating against Plaintiff on account of his protected activity of requesting and taking FMLA leave.

88.    As a direct and foreseeable result of Defendants' unlawful discrimination and retaliation, Plaintiff has suffered, and will continue to suffer, general physical, mental and psychological damages in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish and emotional distress, all to his damage in amounts to be proven at trial.

89.    As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss of wages and salary, compensation, employment benefits, career path opportunities, and expenses in amounts to be proven at trial.

90.    On information and belief, the person(s) who committed the unlawful acts described herein was (or were) an officer(s), director(s), and/or managing agent(s) of Defendants and was or were acting within the scope of his, her, or their employment.

91.    As a result of Defendants' acts of discrimination and retaliation as alleged herein, Plaintiff is entitled to reasonable attorney's fee sand costs of suit as provided for by 29 U.S.C.A. §2617(a)(3).

92.    WHEREFORE, Plaintiff prays for judgment as set forth below.

## SEVENTH CAUSE OF ACTION
### RETALIATION UNDER THE CALIFORNIA FAMILY RIGHTS ACT
(Violations of Cal. Gov. Code §12945.2 *et seq.*)
(Against All Applicable Defendants)

93. Plaintiff re-alleges and incorporates by reference, all proceeding paragraphs as though fully set forth herein.

94. The CFRA requires employers to provide twelve (12) weeks of leave for any employee who has been employed by the company for over a year and has worked over 1250 hours for the employer over the previous year for family medical leave. The CFRA also requires employers to return an employee who takes leave under the act to the same or comparable position at the conclusion of the employee's leave.

95. Defendants are employers as defined by the California Family Rights Act. Defendants have over 50 employees within a 75 mile radius of Plaintiff's work location. At the time of Plaintiff's request for leave, he had been employed by Defendants for over one year, and had worked for Defendants for over 1250 hours during the previous year.

96. In violation of the CFRA, Defendants, and each of them, retaliated and discriminated against Plaintiff by terminating him for being eligible for, requesting, and taking leave, which was a substantial motivating reason for them doing so.

97. Defendants' acts were malicious, oppressive or fraudulent with intent to vex, injure, annoy, humiliate, and embarrass Plaintiff, and in conscious disregard of the rights or safety of Plaintiff and other employees of Defendants, and in furtherance of Defendants' ratification of the wrongful conduct of the employees and managers of Defendants. The above discriminating conduct violates the CFRA and California public policy and entitles Plaintiff to all categories of damages, including exemplary or punitive damages.

98. By reason of the conduct of Defendants and each of them as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

- 17 -

99. As a result of Defendants actions, Plaintiff sustained economic damages to be proven at trial. As a further result of Defendants' and each of their actions, Plaintiff suffered emotional distress; resulting in damages to be proven at trial.

100. WHEREFORE, Plaintiff prays for judgment as set forth below.

## EIGHTH CAUSE OF ACTION
### RETALIATION FOR RETAINING AN ATTORNEY
#### (Violations of Cal. Lab. Code §923)
#### (Against All Applicable Corporate Defendants)

101. Plaintiff re-alleges and incorporates by reference, all proceeding paragraphs as though fully set forth herein.

102. Plaintiff retained the services of an attorney to protect his rights with respect to his employment.

103. Corporate Defendants took adverse action against Plaintiff shortly after he retained attorneys in violation of Cal. Lab. Code §923.

104. As a direct and proximate result of Defendants' willful, knowing and intentional (in)actions, Plaintiff has suffered and will continue to suffer mental distress and anguish. Plaintiff is thereby entitled to general damages in an amount to be proven at trial, and attorneys' fees and costs.

105. The (in)actions of Defendants, as alleged herein, were done with fraud, oppression and malice, with a conscious disregard for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff, with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages against Defendants and each of them.

106. WHEREFORE, Plaintiff prays for judgment as set forth below.

## NINTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
#### (Against All Defendants)

107. Plaintiff re-alleges and incorporates by reference, all proceeding paragraphs as though fully set forth herein.

- 18 -

108.    Plaintiff's wrongful termination of his employment with Defendants was based upon Defendants' violations of the public policy of the State of California, the California Constitution, and other statutes and provisions (e.g., Cal. Lab Code §923, Cal. Gov. Code § 12945.2 *et seq.*, 29 USC §§2614(a) and 2615(a)(2), Cal. Gov. Code §12940 *et seq.*, etc.).

109.    As a direct, foreseeable, and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer substantial monetary losses and damages, including but not limited to, lost wages, bonuses, incentive pay, benefits, front pay, back pay, employment benefits; and has suffered and continues to suffer emotional distress in an amount according to proof at the time of trial. Plaintiff is also entitled to attorneys' fees and costs.

110.    Defendants acted maliciously, fraudulently, and oppressively, with the wrongful intent to injure Plaintiff, form an improper and evil motive amounting to malice, and in conscious disregard for Plaintiff's rights. The acts complained of were known to, authorized and ratified by Defendants and/or conducted by a managing agent of Defendants. Plaintiff is therefore entitled to recover punitive damages from defendants in an amount according to proof at the time of trial.

111.    WHEREFORE, Plaintiff prays for relief as set forth below.

## TENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

112.    Plaintiff re-alleges and incorporates by reference, all proceeding paragraphs as though fully set forth herein.

113.    Plaintiff is informed and believes and thereon alleges that Defendants, by and through their principals, agents and employees, conducted themselves unlawfully in violation of public policy and applicable law as described above with conscious disregard of the result or outcome of such act. Subjecting Plaintiff to the conduct described above during his employment was extreme and outrageous conduct by the Defendants, and each of them.

114.    Through the outrageous conduct described above, including discriminatory, harassing, and retaliatory actions against Plaintiff, constituted severe and outrageous misconduct and was intended to cause Plaintiff extreme emotional distress and/or was done with reckless disregard of the probability that Plaintiff would suffer emotional distress.

- 19 -

115.    Defendants were aware that treating plaintiff in the manner alleged above, would devastate plaintiff and cause him extreme hardship, especially as he was taking care of his elderly seriously ill parents and Defendants' actions could impact his immigration status.

116.    At all relevant times, Defendants had actual or constructive knowledge of extreme and outrageous conduct described herein, and condoned, ratified and participated in such extreme and outrageous acts.

117.    As a direct and proximate result of Defendants' willful, knowing and intentional acts, and Defendants' failure to act, Plaintiff has suffered and will continue to suffer mental and emotional distress, anguish, humiliation, and physical pain, all to his damage in a sum according to proof.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result.  Plaintiff is thereby entitled to general and compensatory damages in amount to be proven at trial.

118.    The acts of Defendants, as alleged herein, were done with fraud, oppression and malice, with a conscious disregard for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff, with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to recover punitive damages against Defendants, and each of them.

119.    WHEREFORE, Plaintiff prays for relief as set forth below.

**ELEVENTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
(Violations of Bus. & Prof. Code §17200 *et seq.*)
(Against All Applicable Corporate Defendants)

120.    Plaintiff re-alleges and incorporates by reference, all proceeding paragraphs as though fully set forth herein.

121.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civ. Proc. ("CCP") §1021.5.

122.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of Cal. Bus. & Prof. Code §17200, *et seq.*

123.    Defendants have engaged in unlawful, deceptive, unfair, and/or fraudulent business practices, including that they (and as otherwise set forth herein) engaged in:

    a.   Discrimination (violations of Cal. Gov. Code §12940 *et seq.*);

    b.   Harassment (violations of Cal. Gov. Code §12940 *et seq.*);

    c.   Retaliation (violations of Cal. Gov. Code §12940 *et seq.*);

    d.   Failure to investigate, correct, and prevent further discrimination/harassment (violations of Cal. Gov. Code §12940 *et seq.*);

    e.   Retaliation (violations of Cal. Gov. Code § 12945.2 *et seq.*);

    f.   Retaliation (violations of 19 USC §§2614(a) and 2615(a)(2));

    g.   Retaliation (violations of Cal. Lab. Code §923);

    h.   Intentional infliction of emotional distress; and

    i.   Wrongful termination.

124.    Plaintiff has been injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

125.    Pursuant to Cal. Bus. & Prof. Code §17200, *et seq.*, Plaintiff is entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff; an award of attorneys' fees pursuant to CCP §1021.5 and other applicable laws; and an award of costs.

126.    WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally in amounts according to proof:

    A.   general and special damages;

    B.   exemplary damages;

C.  punitive damages;

D.  liquidated damages;

E.  for costs of suit incurred herein;

F.  interest as permitted by law;

G.  for reasonable attorneys' fees according to proof; and

H.  such other and further relief as the Court may deem just and proper.


Dated: July 3, 2019                    THE ABDO LAW FIRM, INC.


                                       By: _____
                                           Allah A. Abdo
                                           Attorneys for Plaintiff, Assim Addous.




Plaintiff hereby demands a trial by jury on all issues triable in the above-entitled action.


Dated: July 3, 2019                    THE ABDO LAW FIRM, INC.


                                       By: _____
                                           Allah A. Abdo
                                           Attorneys for Plaintiff, Assim Addous.

- 22 -
COMPLAINT FOR DAMAGES

EXHIBIT A



**nVIDIA**

April 19, 2013

Assim Adelu
1204 Shores Drive
Lawrence, GA 30045

Dear Assim,

NVIDIA is delighted to offer you the full time position of Hardware Engineer. In this position, you will report to Bill Steinmetz, and be located in our US-CA, Santa Clara office. We are excited to welcome you to the team and look forward to a productive working relationship.

**Compensation.** NVIDIA will pay you an annual base salary at the rate of $184,000.00 per year, less payroll deductions and all required withholdings. You will be paid according to NVIDIA's standard payroll schedule, which is currently semi-monthly. Your compensation may be subject to adjustment at any time in NVIDIA's sole discretion.

**Sign-On and Anniversary Bonus.** Additionally, you will receive a sign-on bonus in the gross pre-tax amount of $8,000.00, less withholdings. If you resign or are terminated for any reason (except for a separation when NVIDIA classifies as a reduction in force or position elimination) prior to your first anniversary with NVIDIA, then the bonus shall be paid back to NVIDIA in full.

Assignment Agreement attached hereto as **Exhibit A**. If you have questions regarding the agreement, please contact your Recruiter, Joshua Hosten.

**Compliance with Company Policies.** As a condition of your employment, you will be required to read and comply with our Code of Conduct (available at www.nvidia.com/ip) and personnel policies.

**At-Will Employment Relationship.** Employment with NVIDIA is for no specific period of time. Your employment with NVIDIA will be "at will," meaning that either you or NVIDIA may terminate your employment at any time and for any reason, with or without cause. Although your job duties, title, compensation and benefits, as well as NVIDIA personnel policies and procedures, may change from time to time, the manner, supervision or employee of NVIDIA has any authority to enter into an agreement for employment for any specified period of time or to make any agreement for employment other than at-will. Only NVIDIA's VP of Human Resources has the authority to make any such agreement and then only in writing.

**Right to Work.** For purposes of federal immigration law, you will be required to provide documentary evidence of your identity and eligibility for employment in the United States. Attached as **Exhibit B** is the list of acceptable documents you should bring on your first day of employment. Failure to provide proper identification may result in the termination of your employment. If applicable, your employment at NVIDIA is contingent on NVIDIA successfully obtaining an export license or other approval for you in accordance with U.S. Commerce Department export license regulations.

**Background Check.** Your employment is contingent upon your successful completion of a background check conducted by HireRight. NVIDIA reserves the right to withdraw this job offer or terminate employment based on information discovered in the background check process. Please do not resign from your current employment until NVIDIA has informed you that you have successfully completed the background check.

**Entire Agreement.** This offer agreement, Exhibit A and NVIDIA's relocation Policy constitutes the complete agreement between you and NVIDIA, contains all of the terms of your employment with NVIDIA and supersedes any prior agreements, representations or understandings, whether written, oral or implied between you and NVIDIA. This offer agreement may not be amended or modified, except by a express written agreement signed by both you and NVIDIA's head of human resources.

Assuming we look forward to your acceptance of this offer, as sign it below. Please return this letter along with signed copies of the Exhibits noted and confirm your start date of September ___, 2014 with your recruiter Joshua Hosten. Your recruiter will provide you with details regarding your first day of employment. This offer, if not accepted, will expire at 5:00PM PST on August 29, 2014.

You will be contacted prior to your start date regarding orientation details. Again, welcome to the team!

Sincerely,

_signature_

Joshua Hosten
Director of Staffing, NVIDIA

Accepted and Agreed:

_signature_  5/16/2013

Print Address

Anticipated Start Date _____

**Exhibit A** – Employee Confidentiality and Inventions Assignment Agreement
**Exhibit B** – List of acceptable documents from Form I-9

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Aliah A. Abdo, Esq. (SBN 260341)<br>The Abdo Law Firm, Inc.<br>1580 Aldrich Way, San Jose, CA 95121<br>TELEPHONE NO.: 408-439-4671   FAX NO. *(Optional)*: 408-904-6263<br>E-MAIL ADDRESS *(Optional)*: aliah@abdolawgroup.com<br>ATTORNEY FOR *(Name)*: Assim Addous | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF/PETITIONER: Assim Addous

DEFENDANT/RESPONDENT: Nvidia Corporation et al.

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| *(Check one):* ✓ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) | ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | 19CV350263 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: 10/15/19     Time: 2:15 p.m.     Dept.: 8     Div.: Civil     Room:

Address of court *(if different from the address above)*:

✓ Notice of Intent to Appear by Telephone, by *(name)*:  Aliah A. Abdo, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ✓  This statement is submitted by party *(name)*:  Assim Addous
   b. ☐  This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date)*: July 3, 2019
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ✓  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not)*:

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐  have had a default entered against them *(specify names)*:

   c. ✓  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:
      Unknown at this time

4. **Description of case**
   a.  Type of case in  ✓  complaint  ☐  cross-complaint     *(Describe, including causes of action)*:
      Breach of contract; discrimination and harassment on the basis of race, national origin/ancestry, and religion; failure to
      investigate, correct, and prevent further discrimination and harassment; FEHA retaliation; FMLA violations, CFRA violations;
      retaliation (Lab. Code 923); wrongful termination, intentional infliction of emotional distress, and unfair business practices.

Page 1 of 5

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |

CM-110

| PLAINTIFF/PETITIONER: Assim Addous | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Nvidia Corporation et al. | 19CV350263 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Breach of contract; discrimination and harassment on the basis of race, national origin/ancestry, and religion; failure to investigate, correct, and prevent further discrimination and harassment; FEHA retaliation; FMLA violations, CFRA violations; retaliation (Lab. Code 923); wrongful termination, intentional infliction of emotional distress, and unfair business practices. Damages include general, special, exemplary, punitive, liquidated, emotional distress, attorneys fees, costs, interest, costs, etc.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☑ days *(specify number):* 5
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
f. Fax number:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b. **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Assim Addous | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Nvidia Corporation et al. | 19CV350263 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

**CM-110**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: **Assim Addous** | 19CV350263 |
| DEFENDANT/RESPONDENT: **Nvidia Corporation et al.** | |

**11. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
  ☐ Bankruptcy ☐ Other *(specify):*
  Status:

**13. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate   will be filed by *(name party):*

**14. Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of
      action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
  ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
      Discovery motions (as necessary) and a possible motion for summary judgment and/or summary adjudication

**16. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Interrogatories | Per Code |
| Defendant | Requests for Admission | Per Code |
| Defendant | Request for Production of Documents | Per Code |
| Defendant | Depositions | Per Code |
| Defendant | Expert Discovery | Per Code |

  c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are
      anticipated *(specify):*

CM-110 [Rev. July 1, 2011]   **CASE MANAGEMENT STATEMENT**   Page 4 of 5

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: **Assim Addous** | CASE NUMBER: **19CV350263** |
| DEFENDANT/RESPONDENT: **Nvidia Corporation et al.** | |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

19. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

20. Total number of pages attached *(if any)*:   **0**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: September 17, 2019

Aliah A. Abdo, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**POS-030**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Aliah A. Abdo, Esq. (SBN 260341)<br>The Abdo Law Firm, Inc.<br>1580 Aldrich Way<br>San Jose, CA 95121<br><br>TELEPHONE NO: (408) 439-4671       FAX NO. *(Optional)*: (408) 904-6263<br>E-MAIL ADDRESS *(Optional)*: aliah@abdolawgroup.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Assim Addous | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

PETITIONER/PLAINTIFF: Assim Addous

RESPONDENT/DEFENDANT: Nvidia Corporation, et al.

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>19CV350263 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   1580 Aldrich Way
   San Jose, CA 95121

3. On *(date)*: 9/17/19         I mailed from *(city and state)*: San Jose, CA
   the following **documents** *(specify)*:
   Case Management Statement

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one)*:
   a. ☐ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☑ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Allison Riechert Giese, Esq.
   b. **Address** of person served:
      Orrick, Herrington & Sutcliffe, LLP
      1000 Marsh Road
      Menlo Park, CA 94025

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9/17/19

Azzam Abdo
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)                    ► _____
                                                                    (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use
Judicial Council of California
POS-030 (New January 1, 2005)

**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1013, 1013a
www.courtinfo.ca.gov